417 P.2d 670

**E. Paul THOMPSON, Plaintiff and Respondent,**

**v.**

**The CITY OF CENTERVILLE, a municipal corporation, Defendant and Appellant.**

**No. 10562.**

Supreme Court of Utah.

Aug. 9, 1966.

A. M. Ferro, Salt Lake City, for appellant.

Critchlow, Watson & Warnock, Salt Lake City, for respondent.

HENRIOD, Chief Justice.

Appeal from a *part* of the judgment under the declaratory judgment act,[1] concerning a local bond issue proposed by Centerville to construct a reservoir and extensions of the culinary water system under Title 11–14, Utah Code Annotated, 1953, as amended (Laws of Utah 1965, Chap. 41), known as

the Utah Municipal Bond Act. Affirmed, with no costs.

The lower court held that Title 11–14–5 (b), stating that "The spouse of any person mentioned in subparagraph (a)[2] shall be deemed to have paid a property tax" was beyond the power of the legislature, and unconstitutional, offensive to Art. XIV, sec. 3 of the Utah Constitution.[3] We agree.

The decision with respect to "spouse" is the only part of the decision from which the appeal was taken. Hence we need not decide the other issues urged, even though only 5 of a 39 page Centerville brief are devoted to this sole issue and Thompson considers only 3½ pages of 15 sufficient to canvass this only issue,—all the rest being devoted to issues not raised on appeal or cross-appeal. Unwistfully we suspicion that this case is not a true adversary proceeding, and not prompted by Thompson's burning desire to save himself some taxes, but a kindly procedure designed to clarify a law drafted no doubt, and with doubt, by eastern lawyers.[4] This is a good way to procure a no-premium insurance policy to

---

1. Title 78–33, Utah Code Annotated 1953; Rule 57, Utah Rules of Civil Procedure.

2. 11–14–5(a): "A qualified elector shall be deemed to have paid the required property tax * * * if he owns any property therein, title to which is held in his name, and he has paid any tax thereon during the twelve months preceding the election."

3. "No debt * * * shall be created * * * unless the proposition to create such debt, shall have been submitted to a vote of such qualified electors as shall have paid a property tax therein, in the year preceding such election * * *"

4. Frankly, this author thinks that as to average-wise legal ability and proficiency of lawyers here is as high or higher than counsellors in Illinois or any place else.

insure the validity of their opinion and the interst of the bond purchasers,—without recourse. We have felt all along that lawyers were on the risk for their advice, and bond buyers on the risk for any gain or loss they might enjoy or sustain by their purchase,—but in a case like this caveat emptor means but little. This court might better be employed than to be an uncompensated Lloyds of London.

■ Nonetheless, a wife has no present, but only an inchoate interest in her husband's property.[5]

■ We believe and hold that our Constitution's language to the effect that those who may vote are "such qualified electors as shall have paid a property tax," so far as *this* Act is concerned, means and since statehood has meant, those who have appeared as legal owners of *real* property, as is reflected on the official assessment and tax rolls, no matter who paid the taxes. This, since any such payment inures to the benefit of the record owner,—who is the one against whom and whose property the government would move to satisfy any tax obligation,—not a wife, conditional sales vendee, mortgagee, mechanic lien claimant, heir or others who claim an equitable or inchoate interest in property that legally may or may not eventuate.

■ The same reasoning applies if the "spouse" happens to be a husband, only more so, since he has no statutory dower interest, but at best only an interest in the role of an heir, or in a concealed hope his beloved might expire. If he were to be interested enough to go to the polls, he should show by evidence, the best of which would be a tax receipt, that he owned the property and *in this particular case*, because of the context of the act, paid a tax within twelve months before the election,[6] or, lacking such evidence, take an oath, with or without challenge, that he did, under penalty of perjury.[7]

McDONOUGH, CROCKETT and CALLISTER, JJ., and A. H. ELLETT, District Judge.

---

5. Tiffany, Real Property, § 533 (3d Ed.); In re Madsen's Est., 123 Utah 327, 259 P.2d 595 (1953).

6. 5 A.L.R.3d 584 et seq.

7. Appeal of Cusick, 136 Pa. 459, 20 A. 574 (1890).